889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby REEVES, et al., Plaintiffs-Appellants,
v.
CALDWELL LACE LEATHER CO., INC., et al., Defendants-Appellees.
 No. 89-5201.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal a summary judgment entered against them in an action arising out of the alleged discharge of hazardous wastes from a waste disposal site. Plaintiffs own land in the immediate vicinity of the disposal area.
 
 
 2
 The district court concluded that plaintiffs could produce no evidence showing that the wastes in question--which emanated from leather tanning operations--were "hazardous" within the meaning of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. Secs. 9601 et. seq. Finding no genuine issue as to any material fact that would support federal jurisdiction, the court dismissed plaintiffs' claim with prejudice. We shall affirm the district court's judgment.
 
 
 3
 In order to defeat a motion for summary judgment, the non-moving party must, at a minimum, "make a showing sufficient to establish the existence of an element essential to that party's case, ... on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317 (1986). When summary judgment is granted, we review the trial court's action de novo. Pinney Dock and Transport Co. v. Penn Central Corp., 838 F.2d 1445 (6th Cir.), cert. denied sub nom. Pinney Dock & Transport Co. v. Norfolk & W.R. Co., 109 S.Ct. 196 (1988).
 
 
 4
 Our review of the record here persuades us that the plaintiffs had no evidence of a discharge of any "hazardous waste," as that term is used in the relevant sections of CERCLA, 42 U.S.C. Sec. 9601(14), or the Resource Conservation and Recovery Act of 1976 (RCRA), 42 U.S.C. Sec. 6901 et. seq. Both CERCLA and the cognate Kentucky statutes incorporate the definition of hazardous waste contained in RCRA and the regulations adopted thereunder. See CERCLA, 42 U.S.C. Sec. 9601(14); K.R.S. Sec. 224.864. The relevant RCRA regulations specifically place leather tanning waste outside the "hazardous" category. 40 C.F.R. Sec. 261.32. The Director of the Waste Management Division of the Natural Resources and Environmental Protection Cabinet of the Commonwealth of Kentucky concluded, in reliance on 40 C.F.R. Sec. 261.32, that Caldwell's waste was non-hazardous, and Caldwell was therefore removed from the Cabinet's list of hazardous waste generators. Plaintiffs have offered no proof that the Director erred in labeling the waste in question as non-hazardous.
 
 
 5
 Federal jurisdiction may not be invoked under RCRA directly, because that statute does not authorize private actions for damages. RCRA does provide for civil penalties, but such penalties may only be imposed where a compliance order of the Environmental Protection Agency has been violated. There is no claim that any such order has been violated here.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation